IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PAT DEE LEATHERMAN, §
        Petitioner, §
  §
V. § CIVIL ACTION NO. 4-17-CV-660-O
  §
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
        Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Pat Dee Leatherman, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

## I. BACKGROUND

On September 9, 2002, pursuant to a plea agreement, Petitioner pleaded guilty in Parker County, Texas, Case No. 14266, to murdering his wife and was sentenced to 30 years' confinement. Pet. 2-3, ECF No. 7. Petitioner did not appeal his conviction or sentence. *Id.* at 3. He did, however, challenge his conviction in three post-conviction state habeas-corpus applications, filed between 2003 and 2007, to no avail. Adm. R., ECF No. 38.

## II. ISSUES

In this federal petition, Petitioner raises three grounds for relief, in which he claims he received ineffective assistance of trial counsel; the state violated *Brady* by withholding the recording of a phone call made by Mildred King to Darlene Leatherman in January 2002; and newly discovered

evidence of his innocence in the form of–

> affidavits from Darlene Leatherman, Doy Lou Leatherman, Pat Dee Leatherman, and Jennifer Fikes; a hand written letter from Mary Carol Baldree; a documented interview between Attorney Michael K. Burns and Bobbie Whitworth.

Pet. 6-7, ECF No. 7.

### III. RULE 5 STATEMENT

In her preliminary answer, Respondent asserts that Petitioner did not properly exhaust his state court remedies as to the claims raised and that the petition should therefore be dismissed without prejudice so that Petitioner may exhaust his claims in state court. Resp't's Answer 1, 4-6, ECF No. 37.

### IV. EXHAUSTION

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A state petitioner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal

---

[1] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>   . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Appeals in either a petition for discretionary review or, as in this case, a state habeas-corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). Petitioner has not yet filed a state habeas-corpus application raising the claims presented and acknowledges that one or more of his claims is raised for the first time in this petition. Pet. 8, ECF No. 7. Petitioner seeks a stay of this proceeding so that he may return to state court for purposes of exhausting his claims. Mot., ECF No. 47.

In limited circumstances, for good cause shown, stay and abeyance is available to allow a petitioner to return to state court to exhaust his previously unexhausted claims. A stay is appropriate when there is (1) good cause for the failure to exhaust, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005). Petitioner provides no reason for his failure to exhaust his state court remedies or proof that he has filed a state habeas-corpus application in an effort to exhaust his claims. The squandering of such an opportunity is exactly what the exhaustion requirement was designed to prevent and, as such, should not be excused.

## V. CONCLUSION

For the reasons discussed herein, Petitioner's motion to stay is DENIED and his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for lack of exhaustion of state court remedies. Further, a certificate of appealability is DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that

reasonable jurists would question this Court's procedural ruling.

**SO ORDERED** on this 20th day of February, 2018.

                                                          Reed O'Connor
                                                        **UNITED STATES DISTRICT JUDGE**